UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Miguelangel Alvarez Gutierrez,<br><br>  Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi[1], Commissioner of Social Security,<br><br>  Defendant. | Case No. 2:21-cv-01292-DJA<br><br>**Order** |

  Before the Court is Plaintiff Miguelangel Alvarez Gutierrez's motion for reversal or remand (ECF No. 20) and the Commissioner's cross motion to affirm (ECF No. 21) and response (ECF No. 22). Plaintiff filed a reply. (ECF No. 23). Because the Court finds that the ALJ's RFC is not supported by substantial evidence and the ALJ did not give clear and convincing reasons for rejecting Plaintiff's subjective testimony, the Court grants Plaintiff's motion to remand (ECF No. 15) and denies the Commissioner's cross motion to affirm (ECF No. 16). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.   Background.**

  ***A.   Procedural history.***

  Plaintiff filed an application for a period of disability and disability insurance benefits on June 14, 2018, alleging an onset of disability commencing May 17, 2018. (ECF No. 20 at 3). The Commissioner denied his claim and Plaintiff requested a hearing by an Administrative Law Judge. (*Id.*). The ALJ issued an unfavorable decision on October 29, 2020. (*Id.*). Plaintiff requested review by the Appeals Council, which request the Appeals Council denied on May 20, 2021, making the ALJ's decision the final agency decision. (*Id.*).

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security and substituted as a party.

**B.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920.  (AR 69-78).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 17, 2018.  (AR 70).  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, and gastritis.  (AR 70).  At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 72).  In making this finding, the ALJ considered Listings 1.04, 1.04A, 1.04B, 12.04, and 12.06.  (AR 72-73).

At step four, the ALJ found that Plaintiff has a residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) subject to limitations.  (AR 45).  Those limitations include that:

> [H]e can lift and/or carry 20 pounds occasionally and 10 pounds frequently.  He can stand and/or walk 6 hours in an 8-hour workday.  He can sit 6 hours in an 8-hour workday.  He can occasionally climb ladders, ropes or scaffolds.  He can frequently climb ramps or stairs, balance, kneel, stoop, crouch and crawl.  He must avoid unprotected heights and dangerous moving machinery.  He must avoid exposure to loud noises.

(AR 73).

At step five, the ALJ found that Plaintiff was unable to perform past relevant work.  (AR 77).  However, the ALJ found Plaintiff capable of performing occupations such as electronic worker; office helper; and baker, conveyor belt worker.  (AR 78).  Accordingly, the ALJ found that Plaintiff had not been disabled from May 17, 2018.  (AR 79).

**II.     Standard.**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may

obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id*. The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**III.  Disability evaluation process.**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of him claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If

the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward

with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

**IV.     Analysis and findings.**

  **A.     *The ALJ's RFC is not supported by substantial evidence.***

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ found the only two medical opinions of record unpersuasive. (ECF No. 20 at 5-7). Thus, no medical opinions supported the RFC and the ALJ interpreted raw medical data. (*Id.*). The Commissioner responds that the RFC is supported by substantial evidence because the ALJ need not adopt the limitations found in a medical opinion. (ECF No. 21 at 7-11). Instead, the Commissioner argues, the record was sufficient for the ALJ to assess Plaintiff's functional limitations without additional medical opinion evidence. (*Id.*). The Commissioner adds that the ALJ found even greater limitations than the reviewing physicians, making any error harmless. (*Id.*). Plaintiff replies that the objective and clinical findings on which the ALJ relied to create the RFC do not directly connect to the RFC the ALJ ultimately fashioned. (*Id.*).

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin*. 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). While the ALJ is responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted). Moreover, "the ALJ must use 'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; '[t]he ALJ may not simply draw his own inferences about [the claimant's] functional ability from medical reports.'" *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017),

and citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)); *see also* POMS § DI 24510.001(A)(1) ("The RFC assessment[] is based primarily on medical evidence").

Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. *See Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986); *Jakubiak v. Berryhill*, 337 F.Supp.3d 80 (D. Mass. 2018); *Maniscalo v. Colvin*, 167 F.Supp.3d 207, 217-18 (D. Mass. Mar. 3, 2016); *Beyene v. Astrue*, 739 F.Supp.2d 77, 83 (D. Mass. 2010). Generally, a lay person is not qualified to interpret raw medical data to determine a claimant's RFC unless the impairments are so mild that they pose no significant functional limitations. *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996); *Rosado*, 807 F.2d at 293-94; *Jakubiak*, 337 F.Supp.3d at 85 (citation omitted); *Maniscalo*, 167 F.Supp.3d at 218-19; *Beyene*, 739 F.Supp.2d at 83 (citation omitted).

The Court finds that the ALJ's RFC is not supported by substantial evidence. While the ALJ summarized the medical evidence, it is not entirely clear how the ALJ then translated that evidence into an RFC. This is particularly concerning because the ALJ did not rely on a medical opinion translating Plaintiff's records into functional limitations. The two State agency medical consultants—Drs. Barton and Blaskowski—did not find Plaintiff's physical impairments to be severe. (AR 77). But the ALJ did not explain why those opinions were otherwise inconsistent or unsupported by the record. Instead, she explained only that "[n]ew and significant evidence received at the hearing level shows the claimant is more limited than determined by Drs. Barton and Blaskowski." (AR 77). The ALJ did not provide more context for this statement, which undermines the Commissioner's argument that the evidence the State agency medical consultants analyzed did "not significantly differ from later dated evidence" that the ALJ discussed. *Compare* (AR 77) *with* (ECF No. 21 at 7). Because it is unclear how the ALJ derived Plaintiff's RFC from the record and because there are no medical opinions supporting the RFC, the ALJ apparently relied only on the Plaintiff's medical records and possibly testimony on assessing the RFC. The Court thus finds that the ALJ's RFC is not supported by substantial evidence.

While the Commissioner argues that the error is harmless, the Court disagrees. The Commissioner cites to *Lamas v. Saul* for the proposition that if "an ALJ erred in evaluating a claimant's RFC without support from a medical opinion…such an error [is] harmless [if] the ALJ found more stringent limitations than any medical opinion." (ECF No. 21 at 11) (citing *Lamas v. Saul*, No. 1:19-cv-00852-BAM, 2020 WL 6561306, at *9-10 (E.D. Cal. Nov. 9, 2020)). But here, the ALJ did not outline the two State agency medical consultants' opinions, nor does it appear that they offered any. (AR 77, 462-70, 473-81). The Court is left without a baseline by which to evaluate the extent to which the ALJ's RFC is more stringent. Without this baseline, it is difficult to determine the extent to which the error is harmful. However, the error is not harmless because the ALJ used the RFC to provide hypotheticals to the vocational expert, which the vocational expert then used to determine whether jobs existed in the national economy which Plaintiff could perform. (AR 123-25). The vocational expert also opined that, if an individual with the ALJ's RFC had to miss two days of work per month, that individual could not sustain gainful work activity. (AR 125). The ALJ's RFC is thus unsupported by substantial evidence, an error which is not harmless, and this case must be remanded to obtain further functional evidence.

### B. The ALJ did not give clear and convincing reasons for discounting Plaintiff's subjective complaints.

Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting his subjective testimony. (ECF No. 20). Specifically, he argues that the ALJ erred by using the lack of objective evidence as the only rationale for rejecting Plaintiff's subjective complaints of pain. (*Id.* at 9). Plaintiff testified that he experiences pain in his stomach, spine, neck, elbows, toes, tailbone, and fingers; experiences irritable bowel syndrome symptoms; and experiences rectal bleeding. (AR 110, 115). The Commissioner responds that the ALJ provided multiple reasons for discounting Plaintiff's subjective testimony, including: (1) the objective medical evidence; (2) Plaintiff's positive responses to his conservative treatment regimen; and (3) the inconsistencies between the prior administrative medical findings and Plaintiff's symptoms. (ECF No 21 at 12). Plaintiff replies that the ALJ also erred by relying on Plaintiff's "conservative" treatment without identifying more aggressive treatment options that would be

commensurate with Plaintiff's symptom testimony. (ECF No. 23 at 5). Plaintiff adds that prior administrative medical findings that are inconsistent with his testimony are not "clear and convincing" reasons to reject his testimony because they are neither unrelated to the testimony nor an internal contradiction within the testimony. (*Id.* at 6).[2]

The ALJ must engage in a two-step analysis when evaluating whether a claimant's testimony concerning pain, symptoms, and level of limitation is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations and citations omitted). Second, if there is no evidence of malingering, "the ALJ can reject the claimant's testimony concerning the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (internal citation omitted).

Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g.*, *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's

---

[2] Neither party addresses harmlessness in their arguments. The Court thus will not address the issue. *See Frost v. Berryhill*, 727 F. App'x 291, 295 (9th Cir. 2018) (*citing Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2) (9th Cir. 2008)) (finding that summarizing medical records without identifying an error was an "underdeveloped argument" the court need not address); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) (holding that the court cannot "manufacture arguments for appellant" and will review only "issues which are argued specifically and distinctly").

testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3p clarified that the ALJ no longer must make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

Here, the ALJ did not give clear and convincing reasons for rejecting Plaintiff's subjective complaints of pain. While the ALJ gave clear and convincing reasons for rejecting Plaintiff's subjective complaints of pain by relying on Plaintiff's objective medical evidence, objective medical evidence is not enough on its own to discredit Plaintiff's claims of excess pain. Rather, objective medical evidence is just one factor in evaluating the credibility of a claimant's testimony and complaints. But the ALJ's other factors—Plaintiff's treatment and the opinions of Drs. Barton and Blaskowski—do not constitute clear and convincing reasons for rejecting Plaintiff's subjective complaints.

The ALJ did not provide clear and convincing reasons for rejecting Plaintiff's complaints of pain by relying on his treatment. While the ALJ described Plaintiff's treatment, the ALJ did not explain why it was conservative. Instead, regarding Plaintiff's complaints of abdominal pain, the ALJ explained that Plaintiff was prescribed at least four types of medication after three emergency room visits for rectal bleeding and abdominal pain in 2018. (AR 75). The ALJ also explained that Plaintiff had gallbladder removal surgery[3] and hiatal hernia repair[4] in 2019 without

---

[3] The gallbladder collects and stores bile, a digestive fluid produced in the liver. *See Cholecystectomy (gallbladder removal)*, MAYO CLINIC, https://www.mayoclinic.org/tests-procedures/cholecystectomy/about/pac-20384818#:~:text=A%20cholecystectomy%20(koh%2Dluh%2D,fluid%20produced%20in%20your%20liver. (last visited April 6, 2022). Gallbladder surgeries are typically performed to treat gallstones and the complications they cause. *Id.*

[4] A hiatal hernia occurs when the upper part of the stomach bulges through the large muscle separating the abdomen and chest. *See Hiatal hernia: Symptoms and causes*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/hiatal-hernia/symptoms-causes/syc-20373379. (last visited April 6, 2022). A large hiatal hernia can allow food and acid back into the esophagus, leading to heartburn. *Id.* Surgery can repair a hiatal hernia. *See Hiatal hernia:*

improvement. (AR 75). Plaintiff continued to complain of dysphagia[5] and upper abdominal pain after surgery. (AR 75) And while the ALJ stated that Plaintiff's complaints changed in January 2020, the ALJ did not explain how those complaints changed other than stating that Plaintiff "reported ongoing reflux, unresolved by the hiatal hernia repair surgery." (AR 75). Plaintiff was eventually referred to his surgeon to address esophageal dysphagia.[6] (AR 76). Regarding Plaintiff's complaints of neck and low back pain, the ALJ described that Plaintiff made objective improvements with physical therapy. (AR 76). But she added that Plaintiff was prescribed three medications and received periodic injections without explaining whether these medications helped Plaintiff's pain. (AR 76). Instead, she only stated that Plaintiff never underwent surgery or consulted with a spine surgeon. (AR 76).

The Court is also not convinced by the Commissioner's argument that the ALJ's finding that Drs. Barton and Blaskowski's opinions were unpersuasive constituted a clear and convincing reason for rejecting Plaintiff's pain testimony. While the ALJ found the opinions unpersuasive, it was because "[n]ew and significant evidence received at the hearing level shows the claimant is more limited than determined by Drs. Barton and Blaskowski." (AR 77). The ALJ did not otherwise connect these prior opinions with Plaintiff's subjective complaints. Remand is appropriate for the ALJ to consider Plaintiff's subjective symptom testimony in assessing the RFC.

---

*Diagnosis and treatment*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/hiatal-hernia/diagnosis-treatment/drc-20373385. (last visited April 6, 2022).

[5] Dysphagia is difficulty swallowing. *See Dysphagia: Symptoms and causes*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/dysphagia/symptoms-causes/syc-20372028. (last visited April 6, 2022).

[6] Esophageal dysphagia refers to the sensation of food sticking or getting caught in the base of the throat or in the chest after starting to swallow. *See Dysphagia: Symptoms and causes*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/dysphagia/symptoms-causes/syc-20372028. (last visited April 6, 2022).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 20) is **granted.** This matter is remanded for further proceedings consistent with this order.

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 21) is **denied.** The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: April 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE