**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Miguelangel G.,<br>Plaintiff,<br>v.<br>Frank Bisignano[1], Commissioner of Social Security,<br>Defendant. | Case No. 2:21-cv-01292-DJA<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |

Plaintiff's attorney ("Counsel") moves for an award of attorneys' fees under 42 U.S.C. § 406(b) following remand. (ECF No. 28). No party opposed the motion, although the Commissioner filed an informative brief without taking a position on fees. (ECF No. 30). Because Counsel has shown that the fees sought are reasonable, the Court grants the motion.

**I. Background.**

On April 8, 2022, the Court granted Plaintiff's motion for remand and remanded the case for further administrative proceedings. (ECF No. 24). On remand, the Commissioner granted Plaintiff's application and awarded $137,112.00 in past due benefits. (ECF No. 28 at 6). Counsel is requesting an award of attorney's fees totaling $15,000.00 constituting 10.9% of the net payable past due benefits under the contingency fee contract with a credit to Plaintiff for the Equal Access to Justice Act ("EAJA") fees previously paid in the amount of $3,100.00. (*Id.* at 6-7).

**II. Discussion.**

Under 46 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

---

[1] Frank Bisignano is now the Commissioner of Social Security and substituted as a party.

of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...” In applying Section 406(b), the Court first determines whether a fee agreement has been executed between the plaintiff and her attorney. *See*, *e.g.*, *Garcia v. Astrue*, 500 F.Supp.2d 1239, 1242 (C.D. Cal. 2007). If so, the Court must respect “the primacy of lawful attorney-client fee agreements” in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).

Nonetheless, the Court has an “affirmative duty” to ensure the fees provided are “reasonable.” *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*). “A fee resulting from a contingency-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case.” *Id.* at 1148 (internal quotation and citation omitted). The Court’s review of the amount of attorney’s fees is meant as “an independent check” to ensure that the agreement will “yield reasonable results in particular cases.” *Gisbrecht*, 535 U.S. at 807. When an attorney receives EAJA fees and 406(b) fees for the same work, he or she must refund the smaller award to his or her client. *See Gisbrecht*, 535 U.S. at 796.

Here, Counsel’s request complies with 42 U.S.C. § 406(b) and the *Gisbrecht* factors. The Court finds, after considering the nature of the representation, the result achieved, and the reasonableness of the time expended (15.15 hours) and hourly rate ($990.09), the fee request is appropriately granted.

**IT IS THEREFORE ORDERED** that the motion for attorney’s fees (ECF No. 28) is **granted**. A fee award in the amount of $15,000.00 is to be paid to Plaintiff’s attorney.

**IT IS FURTHER ORDERED** that Plaintiff’s attorney must refund EAJA fees of $3,100.00.

DATED: September 8, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE